IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JAMES STROUSE,

    Petitioner,

v.                                     Civil Action No. 3:13CV323

ERIC D. WILSON,

    Respondent.

**REPORT AND RECOMMENDATION**

James Strouse, a federal inmate proceeding pro se, filed this petition under 28 U.S.C. § 2241[1] (hereinafter "§ 2241 Petition") (ECF No. 1). This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**A. Procedural History**

In his § 2241 Petition, Strouse challenges his conviction of an institutional infraction, Incident Report Number 2392460, that resulted, among other things, in the loss of 27 days of

---

[1] That statute provides, in pertinent part:

> **(c)** The writ of habeas corpus shall not extend to a prisoner unless—
> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

good conduct time. (§ 2241 Pet. 3.) Strouse contests the validity of the conviction on the ground that the Bureau of Prisons (hereinafter "BOP") Disciplinary Hearing Officer (hereinafter "DHO") who conducted the hearing on the infraction should have recused herself. (Id. at 7-8.)[2]

Wilson has moved for summary judgment on the grounds that, inter alia, Strouse has failed to exhaust his administrative remedies with respect to Incident Report Number 2392460. For the reasons set forth below, it is RECOMMENDED that the Court GRANT Wilson's Motion for Summary Judgment (ECF No. 26), and DISMISS Strouse's § 2241 Petition for his failure to exhaust administrative remedies.

---

[2] Strouse used a standard form provided by the United States Courts to submit his § 2241 Petition. The form prompts the petitioner to list "Grounds for Your Challenge in This Petition." (§ 2241 Pet. 7.) Strouse listed "Bureau of Prisons, Rules and Regulations known as (program statement #3420.09) . . . [that] state[s] that employee(s) recuse themselve[s] that are involved in, conflict of interest," as Ground One, and "Incident Report(s), DHO Report(s) dated July 10, 2012 DHO Bennett is involved in showing conflict of interest involving plaintiff" as Ground Two. (Id. at 7-8 (capitalization corrected).) Strouse clearly intended for his § 2241 Petition to address only "INCIDENT REPORT #2392460" (id. at 1; see also Pet'r's Mem. Mot. Supp. Summ. J. 1, ECF No. 11), and it appears he identified documents, not legal bases, as his grounds. In any event, in light of the fact that Strouse failed to exhaust his administrative remedies with respect to the conviction related to Incident Report Number 2392460, no need exists to fully decipher his grounds for relief. See Strouse v. Wilson, No. 3:12CV653, 2014 WL 843276, at *1 n.3 (E.D. Va. Mar. 4, 2013), aff'd, 575 F. App'x 115 (4th. Cir.), cert. denied, 135 S. Ct. 381 (2014).

2

## B. Standard For Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." <u>Id.</u> at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Id.</u> (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, a court "must draw all justifiable inferences in favor of the nonmoving party." <u>United States v. Carolina Transformer Co.</u>, 978 F.2d 832, 835 (4th Cir. 1992) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence

3

will not preclude summary judgment. Anderson, 477 U.S. at 251 (citing Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" Id. (quoting Munson, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); see Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

Wilson asks the Court to grant summary judgment and dismiss the § 2241 Petition because Strouse failed to exhaust his administrative remedies. As the exhaustion of administrative remedies is an affirmative defense, Wilson bears the burden of pleading and proving lack of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007). In support of his argument, Wilson submitted the declaration of Cornelia J. Coll, a Paralegal Specialist at the Federal Correctional Complex in Butner, North Carolina. (Resp't's Mem. Supp. Mot. Summ. J. Ex. 1 ("Coll Decl."), ECF No. 27-1.) Additionally, Wilson submitted summaries of Strouse's various Administrative Remedy Requests

(Coll Decl. Attach. 7) and, inter alia, the DHO Report for Incident Report Number 2392460 (Coll Decl. Attach. 4,[3] at 19-21, ECF No. 27-2). Strouse responded by submitting an unsworn "Memorandum of Order" (ECF No. 29). See United States v. White, 366 F.3d 291, 300 (4th Cir. 2004) (observing that unsworn argument in a memorandum fails to constitute admissible evidence). In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

## C. Summary of Pertinent Facts

### 1. Strouse's Conviction of an Institutional Offense

"On January 2, 2013, Incident Report Number 2392460 was filed, charging Mr. Strouse with the Code 203 prohibited act of threatening another with bodily harm or any other offense." (Coll Decl. ¶ 8 (citations omitted).) On January 29, 2013, a DHO conducted a hearing on Incident Report Number 2392460. (Id. ¶ 11 (citation omitted).) The DHO found Strouse guilty. (Coll Decl. Attach. 4, at 20-21.) The DHO sanctioned Strouse by disallowing twenty-seven (27) days of Strouse's Good Conduct Time. (Id. at 21.) The DHO also imposed upon Strouse a six-

---

[3] The Court employs the pagination assigned to this document by the CM/ECF docketing system.

5

month loss of TRULINCS[4] access, thirty (30) days of disciplinary segregation, and two years' loss of telephone privileges (the latter two sanctions being suspended pending 180 days of clear conduct). (Id. at 21.) On March 21, 2013, the BOP provided Strouse with a copy of the DHO's Report for Incident Report Number 2392460 (hereinafter "the DHO Report"). (Id.)

### 2. BOP's Grievance Procedure

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by first attempting to resolve the matter informally. See 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must then submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," 28 C.F.R. § 542.14(a), at his place of incarceration. See 28 C.F.R. § 542.14(d). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a).

---

[4] TRULINCS is "a Federal Bureau of Prisons (BOP) program designed to, among other things, make a form of e-mail available to prisoners." Solan v. Zickefoose, 530 F. App'x 109, 110 (3d Cir. 2013), cert. dismissed, 134 S. Ct. 1499, reconsideration denied, 134 S. Ct. 1927 (2014).

6

However, an inmate, such as Strouse, who wishes to challenge the decision of DHO, is prohibited from filing a BP-9 at his or her place of incarceration. See 28 C.F.R. § 542.14(d)(2). "DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located," id., and shall be filed on a BP-10 form. 28 C.F.R. § 542.15(b)(1). Appeals to the Regional Director must be accompanied by a copy of the response the inmate received at the institutional level that he or she wishes to appeal. Id. "For DHO . . . appeals, each separate incident report number must be appealed on a separate form." 28 C.F.R. § 542.14(c)(2).

"An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a).

As explained below, Strouse filed numerous administrative remedy requests, but he failed to fully exhaust his administrative remedies with respect to Incident Report Number 2392460. Specifically, Strouse failed to file a BP-11 appeal for Incident Report Number 2392460 with the General Counsel of the BOP.

7

### 3. Strouse's Attempts at Exhaustion

During his incarceration, Strouse has filed forty-nine (49) administrative remedy requests with the BOP. (Coll Decl. ¶ 14.) Of these administrative remedy requests, only one appears to pertain to Strouse's hearing and sanctions for Incident Report Number 2392460. (Id. ¶¶ 14-15.)

On March 25, 2013, Strouse filed an administrative remedy request with the BOP's Mid-Atlantic Regional Office, in which he appealed the hearing and sanctions imposed for Incident Report Number 2392460. (Id. ¶ 15 (citing Attach. 6, at 5; Attach. 7, at 6; Attach. 8).) On May 29, 2013, the BOP denied the appeal. (Id. Attach. 8,[5] at 42.) The denial noted that Strouse could appeal to the General Counsel for the BOP if he was dissatisfied with the response. (Id.) Strouse has failed to file an appeal to the General Counsel for the BOP or any other administrative remedy requests regarding the incident in question.[6] (See Coll Decl. ¶ 16.)

---

[5] The Court employs the pagination assigned to this document by the CM/ECF docketing system.

[6] Strouse alleges that "BOP staff members detained special mail containing bp-11 remedy . . . for 3 ½ weeks causing bp-11 to be time barred." (Pet'r's Mem. Supp. Mot. Summ. J. 5, ECF No. 11; see also id. at 7.) He directs the Court to an attachment labeled "Exhibit GR-1 BP-11," a copy of a Central Office Administrative Remedy Appeal form filed September 18, 2012. (Id. Att. "GR-1," ECF No. 11-1, at 2.) First, allegations from Strouse's unsworn memorandum fail to constitute admissible evidence. See White, 366 F.3d at 300. Further, the document

8

## D. Analysis

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." Woodford v. Ngo, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate filing a § 2241 Petition must properly exhaust his or her administrative remedies. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," Woodford, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'" Id. (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. See Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (citation omitted) (internal quotation marks omitted) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief"). The applicable

---

does not reference Incident Report Number 2392460. To the extent Strouse intends to allege that he attempted to exhaust his administrative remedies, Strouse fails to explain how a document from September 2012 demonstrates exhaustion of administrative remedies concerning an incident that occurred in 2013.

9

prison rules "define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

Here, BOP rules required Strouse to file a BP-11 with the General Counsel for the BOP within thirty (30) days of receiving the denial of his administrative remedy appeal on May 29, 2013. See 28 C.F.R. § 542.15(a). Strouse failed to do so. Therefore, he failed to properly exhaust his administrative remedies for the disciplinary hearing that resulted in sanctions. Accordingly, the § 2241 Petition is subject to dismissal for lack of exhaustion.

Nevertheless, "a habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petitioner." Fazzini v. N.E. Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006) (citing Norton v. Parke, 892 F.2d 476, 481 (6th Cir. 1989)). Strouse appears to suggest that the Court should excuse him from complying with the exhaustion requirement because the prison "mail room staff members conspired to cause detention, delay in . . . mailing out administrative remedies form(s) BP-10s, BP-11s . . . ." (Pet'r's Mem. Supp. Mot. Summ. J. 5, ECF No. 11 (spelling and grammar corrected).) Although Strouse describes difficulties that he experienced with the prison mailroom, he fails to provide a coherent explanation, much less probative evidence, as to how BOP officials frustrated

his ability to file a BP-11 with the BOP General Counsel. Further, to the extent Strouse alleges that the mail staff's actions delayed his appeal to the BOP General Counsel, he fails to explain how this fact, if true, should dissuade the Court from granting summary judgment in favor of Wilson. Wilson does not argue that Strouse's appeal to the BOP General Counsel is time-barred; he demonstrates that Strouse failed to file one at all. (Resp't's Mem. Supp. Mot. Summ. J. 8, ECF No. 27.) Strouse's "'[a]iry generalities [and] conclusory assertions'" about a conspiracy in the mailroom are insufficient "'to stave off summary judgment.'" Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *7 n.5 (E.D. Va. Mar. 26, 2009) (alterations in original) (quoting United States v. Roane, 378 F.3d 382, 400-01 (4th Cir. 2004)). Accordingly, it is RECOMMENDED that the action be DISMISSED.

**E. Conclusion**

Wilson has demonstrated the absence of a genuine issue of material fact with regard to exhaustion. Accordingly, it is RECOMMENDED that the Court GRANT Wilson's Motion for Summary Judgment (ECF No. 26) and DISMISS Strouse's 28 U.S.C. § 2241 Petition (ECF No. 1) without prejudice because Strouse failed to exhaust his administrative remedies.

Strouse is advised that he may file specific written objections to the Report and Recommendation within fourteen (14)

11

days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. See Carr v. Hutto, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Strouse.

/s/ Roderick C. Young
United States Magistrate Judge

Date: December 2, 2014
Richmond, Virginia