**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

JAMES STROUSE,

     Petitioner,

v.                             Civil Action No. 3:13CV323

ERIC D. WILSON,

     Respondent.

**MEMORANDUM OPINION**

James Strouse, a federal inmate proceeding pro se, filed this petition under 28 U.S.C. § 2241[1] ("§ 2241 Petition") challenging his conviction of an institutional infraction. This matter is before the Court on Wilson's Motion for Summary Judgment (ECF No. 26). For the reasons that follow, the Court will GRANT the Motion for Summary Judgment because Strouse fails to demonstrate that he properly exhausted administrative remedies with respect to the institutional conviction.

---

[1] That statute provides, in pertinent part:

> **(c)** The writ of habeas corpus shall not extend to a prisoner unless—
> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

## I.   BACKGROUND

The Magistrate Judge made the following findings and recommendations:

### A.  Procedural History

In his § 2241 Petition, Strouse challenges his conviction of an institutional infraction, Incident Report Number 2392460, that resulted, among other things, in the loss of 27 days of good conduct time. (§ 2241 Pet. 3.)  Strouse contests the validity of the conviction on the ground that the Bureau of Prisons (hereinafter "BOP") Disciplinary Hearing Officer (hereinafter "DHO") who conducted the hearing on the infraction should have recused herself.  (Id. at 7-8.)[2]

Wilson has moved for summary judgment on the grounds that, inter alia, Strouse has failed to exhaust his administrative remedies with respect to Incident Report Number 2392460.  For the reasons set

---

[2]  Strouse used a standard form provided by the United States Courts to submit his § 2241 Petition.  The form prompts the petitioner to list "Grounds for Your Challenge in This Petition."  (§ 2241 Pet. 7.) Strouse listed "Bureau of Prisons, Rules and Regulations known as (program statement #3420.09) . . . [that] state[s] that employee(s) recuse themselve[s] that are involved in, conflict of interest," as Ground One, and "Incident Report(s), DHO Report(s) dated July 10, 2012 DHO Bennett is involved in showing conflict of interest involving plaintiff" as Ground Two.  (Id. at 7-8 (capitalization corrected).)  Strouse clearly intended for his § 2241 Petition to address only "INCIDENT REPORT #2392460" (id. at 1; see also Pet'r's Mem. Mot. Supp. Summ. J. 1, ECF No. 11), and it appears he identified documents, not legal bases, as his grounds. In any event, in light of the fact that Strouse failed to exhaust his administrative remedies with respect to the conviction related to Incident Report Number 2392460, no need exists to fully decipher his grounds for relief.  See Strouse v. Wilson, No. 3:12CV653, 2014 WL 843276, at *1 n.3 (E.D. Va. Mar. 4, 2013), aff'd, 575 F. App'x 115 (4th. Cir.), cert. denied, 135 S. Ct. 381 (2014).

forth below, it is RECOMMENDED that the Court GRANT Wilson's Motion for Summary Judgment (ECF No. 26), and DISMISS Strouse's § 2241 Petition for his failure to exhaust administrative remedies.

## B.  Standard For Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, a court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. Anderson, 477 U.S. at 251 (citing Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" Id. (quoting Munson, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition

3

to summary judgment.'" <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting <u>Skotak v. Tenneco Resins, Inc.</u>, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); <u>see</u> Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

Wilson asks the Court to grant summary judgment and dismiss the § 2241 Petition because Strouse failed to exhaust his administrative remedies. As the exhaustion of administrative remedies is an affirmative defense, Wilson bears the burden of pleading and proving lack of exhaustion. <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007). In support of his argument, Wilson submitted the declaration of Cornelia J. Coll, a Paralegal Specialist at the Federal Correctional Complex in Butner, North Carolina. (Resp't's Mem. Supp. Mot. Summ. J. Ex. 1 ("Coll Decl."), ECF No. 27-1.) Additionally, Wilson submitted summaries of Strouse's various Administrative Remedy Requests (Coll Decl. Attach. 7) and, <u>inter alia</u>, the DHO Report for Incident Report Number 2392460 (Coll Decl. Attach. 4[3] (ECF No. 27-2) at 19-21). Strouse responded by submitting an unsworn "Memorandum of Order" (ECF No. 29). <u>See United States v. White</u>, 366 F.3d 291, 300 (4th Cir. 2004) (observing that unsworn argument in a memorandum fails to constitute admissible evidence). In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

## C. **Summary of Pertinent Facts**

### 1. **Strouse's Conviction of an Institutional Offense**

"On January 2, 2013, Incident Report Number 2392460 was filed, charging Mr. Strouse with the Code 203 prohibited act of threatening another with bodily harm or any other offense." (Coll Decl. ¶ 8 (citations omitted).) On January 29, 2013, a DHO conducted a hearing on Incident Report Number 2392460. (<u>Id.</u> ¶ 11 (citation omitted).) The DHO found Strouse guilty. (Coll Decl. Attach. 4, at 20-21.) The DHO sanctioned Strouse by disallowing twenty-seven (27)

---

[3]   The Court employs the pagination assigned to this document by the CM/ECF docketing system.

days of Strouse's Good Conduct Time. (Id. at 21.)
The DHO also imposed upon Strouse a six-month loss of
TRULINCS[4] access, thirty (30) days of disciplinary
segregation, and two years' loss of telephone
privileges (the latter two sanctions being suspended
pending 180 days of clear conduct). (Id. at 21.) On
March 21, 2013, the BOP provided Strouse with a copy
of the DHO's Report for Incident Report Number 2392460
(hereinafter "the DHO Report"). (Id.)

## 2. BOP's Grievance Procedure

The BOP manages an Administrative Remedy Program
"to allow an inmate to seek formal review of an issue
relating to any aspect of his/her own confinement."
28 C.F.R. § 542.10(a). Generally, a federal prisoner
exhausts administrative remedies by first attempting
to resolve the matter informally. See 28 C.F.R.
§ 542.13(a). If informal resolution is unsuccessful,
the inmate must then submit "a formal written
Administrative Remedy Request, on the appropriate form
(BP-9)," 28 C.F.R. § 542.14(a), at his place of
incarceration. See 28 C.F.R. § 542.14(d). "An inmate
who is not satisfied with the Warden's response may
submit an Appeal on the appropriate form (BP-10) to
the appropriate Regional Director within 20 calendar
days of the date the Warden signed the response." 28
C.F.R. § 542.15(a).

However, an inmate, such as Strouse, who wishes
to challenge the decision of DHO, is prohibited from
filing a BP-9 at his or her place of incarceration.
See 28 C.F.R. § 542.14(d)(2). "DHO appeals shall be
submitted initially to the Regional Director for the
region where the inmate is currently located," id.,
and shall be filed on a BP-10 form. 28 C.F.R.
§ 542.15(b)(1). Appeals to the Regional Director must
be accompanied by a copy of the response the inmate
received at the institutional level that he or she
wishes to appeal. Id. "For DHO . . . appeals, each

---

[4] TRULINCS is "a Federal Bureau of Prisons (BOP)
program designed to, among other things, make a form
of e-mail available to prisoners." Solan v.
Zickefoose, 530 F. App'x 109, 110 (3d Cir. 2013),
cert. dismissed, 134 S. Ct. 1499, reconsideration
denied, 134 S. Ct. 1927 (2014).

separate incident report number must be appealed on a separate form." 28 C.F.R. § 542.14(c)(2).

"An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a).

As explained below, Strouse filed numerous administrative remedy requests, but he failed to fully exhaust his administrative remedies with respect to Incident Report Number 2392460. Specifically, Strouse failed to file a BP-11 appeal for Incident Report Number 2392460 with the General Counsel of the BOP.

**3. Strouse's Attempts at Exhaustion**

During his incarceration, Strouse has filed forty-nine (49) administrative remedy requests with the BOP. (Coll Decl. ¶ 14.) Of these administrative remedy requests, only one appears to pertain to Strouse's hearing and sanctions for Incident Report Number 2392460. (Id. ¶¶ 14-15.)

On March 25, 2013, Strouse filed an administrative remedy request with the BOP's Mid-Atlantic Regional Office, in which he appealed the hearing and sanctions imposed for Incident Report Number 2392460. (Id. ¶ 15 (citing Attach. 6, at 5; Attach. 7, at 6; Attach. 8).) On May 29, 2013, the BOP denied the appeal. (Id. Attach. 8,[5] at 42.) The denial noted that Strouse could appeal to the General Counsel for the BOP if he was dissatisfied with the response. (Id.) Strouse has failed to file an appeal to the General Counsel for the BOP or any other administrative remedy requests regarding the incident in question.[6] (See Coll Decl. ¶ 16.)

---

[5]   The Court employs the pagination assigned to this document by the CM/ECF docketing system.

[6]   Strouse alleges that "BOP staff members detained special mail containing bp-11 remedy . . . for 3 ½ weeks causing bp-11 to be time barred." (Pet'r's Mem. Supp. Mot. Summ. J. 5, ECF No. 11; see also id. at 7.) He directs the Court to an attachment labeled "Exhibit GR-1 BP-11," a copy of a Central Office Administrative Remedy Appeal form filed September 18, 2012. (Id. Att. "GR-1," ECF No. 11-1, at 2.) First, allegations

## D. Analysis

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." Woodford v. Ngo, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate filing a § 2241 Petition must properly exhaust his or her administrative remedies. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," Woodford, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'" Id. (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. See Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (citation omitted) (internal quotation marks omitted) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief"). The applicable prison rules "define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

Here, BOP rules required Strouse to file a BP-11 with the General Counsel for the BOP within thirty (30) days of receiving the denial of his administrative remedy appeal on May 29, 2013. See 28 C.F.R. § 542.15(a). Strouse failed to do so. Therefore, he failed to properly exhaust his administrative remedies for the disciplinary hearing that resulted in sanctions. Accordingly, the § 2241 Petition is subject to dismissal for lack of exhaustion.

---

from Strouse's unsworn memorandum fail to constitute admissible evidence. See White, 366 F.3d at 300. Further, the document does not reference Incident Report Number 2392460. To the extent Strouse intends to allege that he attempted to exhaust his administrative remedies, Strouse fails to explain how a document from September 2012 demonstrates exhaustion of administrative remedies concerning an incident that occurred in 2013.

Nevertheless, "a habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petitioner." <u>Fazzini v. N.E. Ohio Corr. Ctr.</u>, 473 F.3d 229, 236 (6th Cir. 2006) (citing <u>Norton v. Parke</u>, 892 F.2d 476, 481 (6th Cir. 1989)). Strouse appears to suggest that the Court should excuse him from complying with the exhaustion requirement because the prison "mail room staff members conspired to cause detention, delay in . . . mailing out administrative remedies form(s) BP-10s, BP-11s . . . ." (Pet'r's Mem. Supp. Mot. Summ. J. 5, ECF No. 11 (spelling and grammar corrected).) Although Strouse describes difficulties that he experienced with the prison mailroom, he fails to provide a coherent explanation, much less probative evidence, as to how BOP officials frustrated his ability to file a BP-11 with the BOP General Counsel. Further, to the extent Strouse alleges that the mail staff's actions delayed his appeal to the BOP General Counsel, he fails to explain how this fact, if true, should dissuade the Court from granting summary judgment in favor of Wilson. Wilson does not argue that Strouse's appeal to the BOP General Counsel is time-barred; he demonstrates that Strouse failed to file one at all. (Resp't's Mem. Supp. Mot. Summ. J. 8, ECF No. 27.) Strouse's "'[a]iry generalities [and] conclusory assertions'" about a conspiracy in the mailroom are insufficient "'to stave off summary judgment.'" <u>Robinson v. Johnson</u>, No. 3:07CV449, 2009 WL 874530, at *7 n.5 (E.D. Va. Mar. 26, 2009) (alterations in original) (quoting <u>United States v. Roane</u>, 378 F.3d 382, 400-01 (4th Cir. 2004)). Accordingly, it is RECOMMENDED that the action be DISMISSED.

## E. Conclusion

Wilson has demonstrated the absence of a genuine issue of material fact with regard to exhaustion. Accordingly, it is RECOMMENDED that the Court GRANT Wilson's Motion for Summary Judgment (ECF No. 26) and DISMISS Strouse's 28 U.S.C. § 2241 Petition (ECF No. 1) without prejudice because Strouse failed to exhaust his administrative remedies.

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## III. STROUSE'S OBJECTIONS AND WILSON'S RESPONSE

On December 16, 2014, the Court received from Strouse a "Petition for Memorandum at Law, Summary of Judgment, and Dismissal of Magistrate's Report and Recommendation," ("Objections," ECF No. 32, at 1),[7] which the Court construes as Strouse's Objections to the Report and Recommendation. In his

---

[7] The Court has corrected the capitalization, punctuation, and emphasis in the quotations from Strouse's Objections. Additionally, in citations to Strouse's filings, the Court employs the pagination assigned by the CM/ECF docketing system.

Objections, Strouse alleges that he attempted to exhaust his administrative remedies with respect to Incident Report Number 2392460, but "prison officials ha[ve] impeded Strouse's grievance forms," and the correctional institution's mailing unit "has [a] history of this offense." (Objs. 4 (citations omitted).) Strouse claims that prison officials have previously delayed his mail so that he misses filing deadlines or rendered mailing labels unreadable using an x-ray scanner so that the Post Office returns the mail as undeliverable. (Id. at 5-6.)

Strouse buried in his Exhibits (ECF Nos. 32-1 to 32-8) a copy of a BP-11, dated June 15, 2013, which he alleges to be an appeal of Incident Report Number 2392460. (ECF No. 32-1 at 8.) This BP-11 did not appear in the BOP's search of Strouse's administrative remedy requests related to Incident Report Number 2392460. (Mem. Supp. Mot. Summ. J. 8.)

The Court directed Wilson to respond to Strouse's Objections (ECF No. 33). On January 27, 2015, Wilson filed a Response to Petitioner's Objections (ECF No. 34). In support, Wilson submitted the declaration of Cornelia J. Coll, a Paralegal Specialist at the Federal Correctional Complex in Butner, North Carolina, (id., Ex. 1 ("2d Coll Declaration"), ECF No. 34-1), and the declaration of Tracy Davis, a Supervisory Correctional Systems Specialist at the Federal Correctional Complex in Petersburg, Virginia (id., Ex. 2 ("Davis

Declaration"), ECF No. 34-3). Coll swears that the BOP never received the BP-11 form dated June 15, 2013 attached to Strouse's Objections. (Resp. Pet'r's Objs. 2; 2d Coll Decl. ¶ 6.) Furthermore, had Strouse mailed the BP-11 form, but failed to comply with BOP policy regarding attaching required documentation, the BOP would nonetheless have a record of this submission. (Resp. Pet'r's Objs. 2; 2d Coll Decl. ¶ 7.)

Wilson also addresses Strouse's allegations of mailroom staff delaying his mail, submitting Davis's sworn Declaration describing the mail processing procedures employed at Strouse's place of incarceration in detail (Davis Decl. ¶¶ 5-13) to demonstrate that the "BOP employs well-established procedures for handling inmate mail, including legal mail" (Resp. Pet'r's Objs. 3). Finally, Wilson submits evidence that no record exists of inmates' outgoing mail, unless the inmate sent it via certified mail. (Resp. Pet'r's Objs. 4; Davis Decl. ¶ 13.)

On February 9, 2015, Strouse filed an unsworn "Petitioners Response to Respondents Objection and Summary of Judgment" (ECF No. 35) in which he again claims that he exhausted administrative remedies (id. at 5)[8] and reiterates his previous allegations of mail tampering.

---

[8] To support this argument, Strouse directs the Court to "exhibit GR-1," (id. at 1) a BP-11 unrelated to the Incident Report Number 2392460. See supra note 6.

## IV.   ANALYSIS

As an initial matter, the Court notes that Strouse failed to respond to Wilson's Motion for Summary Judgment, despite having an opportunity, notice, and clear directions as to how he may file a response.[9]   Furthermore, Strouse's Objections, in addition to his "Petitioners Response to Respondents Objection and Summary of Judgment," are insufficient to oppose Wilson's Motion for Summary Judgment, being unsworn allegations that fail to expose Strouse to the penalty of perjury for any misstatements.   Fed. R. Civ. P. 56(e); see United States v. White, 366 F.3d 291, 300 (4th Cir. 2004) (holding that unsworn argument does not constitute evidence to be considered in opposition to summary judgment motion).   Accordingly, Strouse's submissions are mere allegations, not evidence for purposes of granting or denying summary judgment.

Strouse also fails to present "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).   Instead, he uses his Objections as a vehicle to

---

[9] When Wilson filed the Motion for Summary Judgment, he sent Strouse a Roseboro Notice (ECF No. 28), see Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Strouse that pursuant to United States District Court for the Eastern District of Virginia Local Rule 7(K), Strouse had twenty-one (21) days to respond to the Motion for Summary Judgment, or the Court may grant summary judgment against him.   (Roseboro Notice 1.)   Strouse failed to file any response to the Motion for Summary Judgment within the twenty-one day window.

introduce, _inter alia_, a BP-11 form which he alleges shows that he exhausted his administrative remedies. Strouse inexplicably failed to present this form to the Court in any of his numerous prior filings. _Cf._ _Rhett v. Revell_, No. 2:96-CV-0114, 2003 WL 21641947, at *1 (N.D. Tex. July 10, 2003) (chastising plaintiff for, "in what could be characterized as an attempt to 'sandbag' the Court, . . . wait[ing] until after issuance of [the Report and Recommendation] to present evidence he apparently possessed all along"). In fact, Strouse's Objections mark the first time he has alleged that he filed a BP-11.[10] Nevertheless, "as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." _United States v. George_, 971 F.2d 1113, 1118 (4th Cir. 1992). In doing so, the Court, in its discretion, "'may also receive further evidence.'" _Wojcicki_

---

[10] In Strouse's § 2241 Petition, in response to the question "[i]f there are any grounds you did not present in all appeals that were available to you, explain why you did not," he wrote "BP-11, filed tort claim in regards to constitutional issue . . . ." (§ 2241 Pet. 9 (emphasis added).) As noted by the Magistrate Judge, Strouse apparently thought "grounds" meant "documents" in his § 2241 Petition (_see_ _supra_ note 2); accordingly, Strouse appears to explicitly state he did not file a BP-11. Furthermore, in Strouse's previously dismissed Motion for Summary Judgment, he details filing numerous administrative remedy requests, including the denied BP-10 related to the incident he challenges here (Pet'r's Mot. Summ J. 2-3, ECF No. 11), but never mentions writing or filing any BP-11 after receiving a response to that BP-10.

v. Aiken Tech. Coll., 360 F. App'x 484, 487 (4th Cir. 2010) (quoting 28 U.S.C. § 636(b)(1)).

Strouse offers no coherent excuse for his tardy production of the June 15, 2011 BP-11. See id. at 488 (accepting belatedly filed evidence where plaintiff had a reasonable excuse for not producing it earlier). Rather, Strouse produced the form only after the Magistrate Judge recommended dismissal for his failure to file a BP-11. Despite his attaching numerous photocopies of envelopes to his pleadings to show when he placed items in the mail (see Objs. Exs. "James-6," and "Strouse-1," ECF No. 32-3; Pet'r's Mot. Summ. J. Exs., ECF No. 11-1, at 1-2), Strouse provides no evidence to show he ever mailed the form dated June 15, 2013. Unlike in Wojicicki,[11] Wilson does not concede that the BP-11 is valid, and further, submits evidence that the BOP never received it.

Given the foregoing circumstances, Strouse fails to create a genuine dispute of fact as to whether he mailed the June 15, 2013 BP-11 to the appropriate BOP official. Rather, the

---

[11] In Wojicicki, the Fourth Circuit found that the district court had abused its discretion in refusing to consider evidence a pro se litigant submitted after the magistrate recommended dismissal for failure to exhaust administrative remedies, namely right to sue letters from federal and state agencies that directly contradicted the magistrate's conclusion. 360 F. App'x at 488. However, the Fourth Circuit emphasized that this was an abuse of discretion because the defendants knew of the letters and conceded that they were authentic. Id. at 486. The Fourth Circuit also noted that "this does not appear to be a case where Wojcicki held back the evidence." Id. at 488.

evidence shows that Strouse failed to exhaust his administrative remedies by failing to file a BP-11 form appealing Incident Report Number 2392460; accordingly, Wilson is entitled to summary judgment.

Furthermore, Strouse's allegations that prison staff delayed mail, or rendered mailing labels unreadable so that the Post Office returns the letters as undeliverable, fails to alter this conclusion. First, the BOP clearly received and documented numerous other administrative remedy requests and appeals from Strouse after the December 29, 2012 DHO hearing. (See 2d Coll Decl. Att. 2, at 1.) Second, Strouse fails to tender specific admissible evidence regarding any interference with the June 15, 2011 BP-11 form. Strouse's "'[a]iry generalities [and] conclusory assertions'" about prison mailroom malfeasance are insufficient "'to stave off summary judgment.'" Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *7 n.5 (E.D. Va. Mar. 26, 2009) (alterations in original) (quoting United States v. Roane, 378 F.3d 382, 400-01 (4th Cir. 2004)).

Strouse fails to demonstrate that he exhausted his administrative remedies or show that the Court should excuse this because "his failure is due to the administrator, rather than the petitioner." Fazzini v. N.E. Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006) (citing Norton v. Parke, 892 F.2d 476, 481 (6th Cir. 1989)). Accordingly, the Court will OVERRULE

Strouse's Objections and GRANT Wilson's Motion for Summary Judgment (ECF No. 26).

## V. CONCLUSION

The Report and Recommendation will be ACCEPTED and ADOPTED. Strouse's Objections (ECF No. 32) will be OVERRULED. Wilson's Motion for Summary Judgment (ECF No. 26) will be GRANTED. Strouse's claims and the action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

_____ /s/ _REP_

Robert E. Payne
Senior United States District Judge

Date: _February 18, 2015_
Richmond, Virginia